UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS LEE LILE, | Case No. 2:18-cv-01068-RSM-BAT |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STEVEN SINCLAIR, | |
| Respondent. | |

Petitioner Travis Lee Lile filed a 28 U.S.C. § 2254 petition for writ of habeas corpus seeking relief from his 2014 Whatcom County convictions for second-, third- and fourth-degree assault and resisting arrest, for which he was sentenced to nine months of confinement and eighteen months of community custody. Dkt. 1. Respondent moves to dismiss the petition for lack of jurisdiction because at the time he filed his petition, Mr. Lile was not in state custody. Dkt. 6. In a responsive declaration, Mr. Lile's counsel, William Johnson, acknowledges that he was unaware that Mr. Lile was not in custody or under Washington State supervision at the time he filed the habeas corpus petition. Dkt. 8.

REPORT AND RECOMMENDATION - 1

Because Mr. Lile is not "in custody" for purposes of establishing 28 U.S.C. § 2254 jurisdiction, nor was he "in custody" at the time the habeas petition was filed in July of 2018, it is recommended that this Court dismiss the petition for lack of jurisdiction.

## BACKGROUND

In 2014, the Whatcom County Superior Court convicted Mr. Lile, upon a jury finding of guilt, of second-, third-, and fourth-degree assault and resisting arrest. Dkt. 6, Exhibit 1, Judgment and Sentence, *State v. Lile*, Whatcom County Superior Court Cause No. 13-1-00177-5. The court sentenced Mr. Lile to nine months of confinement and eighteen months of community custody. *Id*. at 3-4.

In February of 2018, the Washington Department of Corrections ("DOC") reevaluated its previous no supervision determination regarding Mr. Lile. *Id.*, Exhibit 2, DOC Chronological (Chrono) record, entry dated 2/21/2018. The DOC again concluded it would not supervise Mr. Lile, upheld its previous determination of no supervision and closed its case. *Id*. The DOC Community Custody Supervisor confirmed, in response to counsel's request for additional information, that Mr. Lile's case was closed on February 21, 2018 and that the initial "no supervision" decision was upheld at the time. Dkt. 6 at 2.

## DISCUSSION

The "custody" requirement is commonly satisfied by the petitioner's confinement, but may be satisfied even though the petitioner is not incarcerated. For example, parole meets the definition of "custody" because conditions of parole supervision "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Being in custody at the time the habeas petition is filed

REPORT AND RECOMMENDATION - 2

satisfies the "in custody" requirement of AEDPA. *Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968). The records show, and counsel for Mr. Lile acknowledges, that Mr. Lile was not in custody for the purposes of 28 U.S.C. § 2254 at the time his habeas petition was filed.

Accordingly, this Court has no jurisdiction under 28 U.S.C. 2254 to address Mr. Lile's habeas corpus allegations and the petition should be dismissed for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that Mr. Lile is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the foregoing reasons, this Court recommends that Mr. Lile's federal habeas petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).  This Court further recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed no later than **October 15, 2018**. The Clerk should note the matter for **October 17, 2018**, as ready for the District Judge's

REPORT AND RECOMMENDATION - 3

consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven pages.  The failure to timely object may affect the right to appeal.

DATED this 24th day of September, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4